FILED
2008 Jun-05  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2008 JUN -4  AM 10: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| DONNA L. MORROW | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CASE NO.** |
| VS. | § | |
| | § | |
| | § | CV-08-HGD-0977-W |
| EQUIFAX CREDIT | § | |
| INFORMATION SERVICES, INC., | § | |
| EXPERIAN, TRANSUNION, | § | |
| CHASE CARDMEMBER SERVICES | § | |
| (CHASE BANK USA, N.A.), | § | |
| MANN BRACKEN, LLC, and | § | |
| NATHAN & NATHAN, P.C. | § | |
| | § | |
| **Defendants** | § | |

## COMPLAINT

**COMES NOW** the Plaintiff, **DONNA L. MORROW**, (hereafter the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act),  the Federal Fair Credit Billing Act, 15 U.S.C. §1666 ("FCBA"), and for the common law torts of defamation, emotional distress, mental anguish, and invasion of privacy.

## JURISDICTION

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C.
        1367.

3.      The Plaintiff is a natural person and resident of the State of Alabama.  She is a
        "consumer" as defined by 15 U.S.C. §1681a(c).

4.      Upon information and belief, EQUIFAX CREDIT INFORMATION SERVICES,
        INC. ("Equifax") is a corporation incorporated under the laws of the State of
        Georgia authorized to do business in the State of Alabama through its registered
        offices at 1550 Peachtree Street Northwest, Atlanta, Georgia  30309 C/O Kent E.
        Mast, President.

5.      Upon information and belief, Equifax is a "consumer reporting agency", as
        defined in 15 U.S.C. §1681(f).  Upon information and belief, Equifax is regularly
        engaged in the business of assembling, evaluating, and disbursing information
        concerning consumers for the purpose of furnishing consumer reports, as defined
        in 15 U.S.C. §1681(d) to third parties.

6.      Upon information and belief, Equifax disburses such consumer reports to third
        parties under contract for monetary compensation.

7.      Upon information and belief, EXPERIAN is a corporation incorporated under the
        laws of the State of California authorized to do business in the State of Alabama
        through its registered offices at 505 City Parkway, West Orange, California
        92868 C/O Craig Smith, President.

8.    Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9.    Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10.   Upon information and belief, TRANSUNION, LLC is a limited liability company organized under the laws of the State of Pennsylvania authorized to do business in the State of Alabama through its registered offices at 555 W. Adams, Chicago, Pennsylvania  60661 C/O Henry Gambrill, President.

11.   Upon information and belief, Transunion is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12.   Upon information and belief, Transunion disburses such consumer reports to third parties under contract for monetary compensation.

13    Upon information and belief, CHASE CARDMEMBER SERVICES is one and the same as CHASE BANK U.S.A., N.A. ("CHASE") is a national bank incorporated or organized under the laws of the State of Delaware authorized to do business in the State of Alabama as a consumer credit card lender through its registered offices at 201 West Walnut Street, Wilmington, Delaware C/O Jamie Diamond, President.

14.    Upon information and belief, MANN BRACKEN, LLC is a limited liability
       company organized under the laws of the State of Georgia authorized to do
       business in the State of Alabama as a consumer debt collection agency through its
       registered offices at 2700 Paces Ferry Road, # 1-1400, Atlanta, Georgia  30339
       C/O James D. Bracken, Member.

15.    Upon information and belief, NATHAN & NATHAN, P.C. is a professional
       corporation incorporated under the laws of the State of Alabama authorized to do
       business in the State of Alabama as a consumer debt collection agency through its
       registered offices at 290 North 21st Street, Suite 200, Birmingham, Alabama
       35203 C/O John Nathan.

16.    By letter dated June 12, 2006 and addressed to 9920 Meadow, Tuscaloosa,
       Alabama, 35404, Plaintiff received a statement from James D. Branton, on behalf
       of Defendant, MANN BRACKEN, (Exhibit "A") an ***"Enclosed Arbitration
       Claim Form & Order of Compromise for 75% of Your Balance"*** from its client,
       Chase Bank USA, N.A.

17.    In response, Plaintiff retained Attorney Nettie Blume to dispute the debt.  By
       letter dated July 6, 2006 and addressed to James D. Branton of Mann Bracken,
       LLC (Exhibit "B") Plaintiff clearly placed Mann Bracken on notice that she did
       not owe the debt at issue.

18.    As an agent of CHASE, Mann Bracken had a duty to investigate the dispute to
       determine the true identity of the person owing the debt at issue to CHASE.

19.    Defendants Mann Bracekn, LLC, and CHASE ignored the Plaintiff's letter of July
       6, 2006, and without notice to Plaintiff, commenced arbitration proceedings
       without notice or service of process to Plaintiff.

20.  The arbitration proceedings commenced by Mann Bracken and CHASE were never served on Plaintiff.

21.  The arbitration proceedings commenced by Mann Bracken and CHASE and never served on Plaintiff resulted in an arbiter's award August 7, 2006 in favor of CHASE and against Plaintiff in the amount of $16,401.05.

22.  Sometime after August 7, 2006, Defendant Nathan & Nathan became a collection agent for CHASE to collect from Plaintiff the arbitration award.

23.  Plaintiff received several telephone calls from Defendant Nathan & Nathan, the nature of which were to collect the debt from Plaintiff.

24.  Plaintiff denied owing the debt to Nathan & Nathan.

25.  By letter dated November 7, 2006, Plaintiff's counsel, Nettie Blume, wrote Bob Doyle of Nathan & Nathan and advised that Plaintiff was not the same Donna Morrow that CHASE was seeking and that Plaintiff did not owe the debt at issue.

26.  As an agent of CHASE, Nathan & Nathan had a duty to investigate the dispute to determine the true identity of the person owing the debt at issue to CHASE.

27.  Defendants Nathan & Nathan, and CHASE ignored the Plaintiff's letter of November 7, 2006.

28.  On December 4, 2006, Defendant John H. Nathan of Nathan & Nathan, P.C. filed an Application to Confirm Arbitration Award.

29.  Plaintiff was never served with said Application.

30.  The Certificate of Service for said Application indicates that it was mailed to "Donna Morrow aka Donna K. Cantrell Morrow, 13688 Old Ivy Drive, Northport, Alabama 35475-3495"

31.  Plaintiff never resided at 13688 Old Ivy Drive, Northport, Alabama 35475-3495.

32.  Plaintiff is Donna L. Morrow, not Donna K. Cantrell Morrow and Plaintiff has never used or been known as Donna K. Cantrell Morrow.

33. Plaintiff contends that the debt at issue is that of Donna K. Cantrell Morrow.

34. On December 13, 2006, an Order was entered granting the Application to Confirm Arbitration Award.

35. On November 8, 2007, Plaintiff authorized Jerry Wedgeworth of Alan Mortgage to obtain a copy of her consumer report in furtherance of a loan application in order for Plaintiff to refinance some realty in order to take advantage of the lower interest rates.

36. Jerry Wedgeworth obtained a merged report that gathers reported information from Equifax, TransUnion, and Experian. Within the Public Record Information, the merged report indicates two judgments by Chase Bank USA, N.A., each for $16,401; one of which was reported as filed December 2006 and the other of which was reported as filed January 2007.

37. As a result of these judgments, Plaintiff's loan application was denied.

38. As a result, Plaintiff suffered humiliation, embarrassment, and damages resulting from higher interest rates.

39. On two subsequent credit applications, Plaintiff has been required to pay higher interest rates due to the erroneous judgments on her consumer reports.

40. The CHASE representation was false. Plaintiff had never applied for or obtained the credit from CHASE made the basis for the arbitration hearing or judgment.

41. Plaintiff, through her attorney Nettie Blume, twice contacted CHASE or CHASE's agents disputing the CHASE representation and requested further information regarding the debt at issue.

42.     Plaintiff's attorney Nettie Blume notified CHASE that the account at issue belonged to another Donna Morrow and provided defendants CHASE care-of its authorized agents, James D. Branton of Mann-Bracken and Boby Doyle of Nathan & Nathan with Plaintiff, Donna L. Morrow's, date of birth and social security number.

43.     Neither CHASE nor James D. Branton of Mann-Bracken nor Bob Doyle of Nathan     & Nathan responded to Plaintiff's dispute letter or further investigated.

## FIRST CLAIM FOR RELIEF AGAINST CREDIT REPORTING AGENCIES EQUIFAX, TRANSUNION, AND EXPERIAN

44.     The Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45.     Equifax, TransUnion, and Experian (hereinafter referred to as the "CRA's") violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

46.     As a result of this conduct, action and inaction of the CRA's, the Plaintiff suffered defamation, invasion of privacy, damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

47.     The CRA's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

48.    The Plaintiff is entitled to recover costs and attorney's fees from the CRA's in an
       amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## FIRST CLAIM FROM RELIEF AGAINST CHASE, MANN BRACKEN, AND NATHAN & NATHAN

49.    Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set
       out herein.

50.    CHASE, MANN BRACKEN, and/or NATHAN & NATHAN published the false
       representations to the CRA's and through the CRA's to all of Plaintiff's potential
       lenders on two occasions, and which constitutes Defamation.

51.    The Defamation was willful.  CHASE, MANN BRACKEN, and NATHAN &
       NATHAN had no reasonable basis to believe that the Plaintiff was responsible for
       the debt at issue, and, in fact all three had substantial evidence by which to have
       verified that the Plaintiff was not the person who had applied and contracted for
       the debt at issue. CHASE, MANN BRACKEN, and NATHAN & NATHAN
       willfully determined to follow procedures which did not review, confirm or verify
       the identity of persons to whom it loaned or collected money.  Further, even if
       CHASE, MANN BRACKEN, and/or NATHAN & NATHAN would attempt to
       plead ignorance, each had or should have had all of the evidence and information
       with which to confirm and recognize the Plaintiff had not signed the CHASE
       credit application or incurred the charges made the basis for the debt at issue and
       was not obligated upon the CHASE account.

52.    As a result of this conduct, action, and inaction of CHASE, MANN BRACKEN,
       and NATHAN & NATHAN, the Plaintiff suffered defamation, invasion of
       privacy, damage by loss of credit, loss of the ability to purchase and benefit from
       credit, the mental and emotional pain and anguish and the humiliation and
       embarrassment of credit denials.

53.   The Defamation, conduct and actions of CHASE, MANN BRACKEN, and NATHAN & NATHAN  were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against CHASE, MANN BRACKEN,  NATHAN & NATHAN in an amount to be determined by the Court.

## SECOND CLAIM FOR RELIEF AGAINST CHASE, MANN BRACKEN, AND NATHAN & NATHAN

54.   Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55.   On one or more occasions, CHASE, MANN BRACKEN, and/or NATHAN & NATHAN  violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by publishing the misrepresentation within Plaintiff's credit file with the CRA's without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CHASE debt made the basis of this cause of action; to review all relevant information regarding same, and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

56.   As a result of this conduct, action and inaction of CHASE, MANN BRACKEN, and/or NATHAN & NATHAN, the Plaintiff suffered defamation, invasion of privacy, damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

57.     CHASE, MANN BRACKEN, and/or NATHAN & NATHAN 'S conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, each was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

58.     The Plaintiff is entitled to recover costs and attorney's fees from CHASE, MANN BRACKEN, and NATHAN & NATHAN  in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## THIRD CLAIM FOR RELIEF AGAINST CHASE, MANN BRACKEN, AND NATHAN & NATHAN

59.     Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60.     CHASE, MANN BRACKEN, and/or NATHAN & NATHAN violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666 ("FCBA") by their refusal and failure to respond to Plaintiff's dispute letter mailed by her attorney within sixty (60) days of receipt.

61.     As a result of CHASE, MANN BRACKEN, and/or NATHAN & NATHAN'S violation of the FCBA, each is liable to Plaintiff for her actual and statutory damages and for her attorneys fees and cost pursuant to 15 U.S.C. §1640.

**WHEREFORE**, Your Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and an Order requiring the Credit Reporting Agencies to delete the negative and erroneous notation from Plaintiff's consumer reports, and such other relief the Court does deem just, equitable and proper.  ***TRIAL BY JURY IS DEMANDED.***

Respectfully submitted,

DONNA L. MORROW, Plaintiff

Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
Attorney for Donna L. Morrow
600 Lurleen Wallace Blvd., Ste. 270
Tuscaloosa, AL  35401
Telephone:  205-752-1202
Facsimile:  205-752-1203
Email: marshall@marshall-lawfirm.com